IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>                 v.<br><br>JUAN VENEGAS ,<br><br>                      Defendant. | CASE NO.  1:12-CR-00409-AWI<br><br>ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO TITLE 18 U.S.C. §  3582(c)(2) |

     The defendant has filed a motion under 18 U.S.C. § 3582(c)(2), seeking a reduction in his sentence on the basis of Amendment 782 to the Sentencing Guidelines which revised the Drug Quantity Table in U.S.S.G. § 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses.  The Government has opposed the motion on the basis that the defendant is not eligible for a reduction under U.S.S.G. § 1B1.10 because Amendment 782 does not operate to lower the guideline range for the quantity of methamphetamine attributed to the defendant. The Government is correct. For that reason, the Court will deny the defendant's motion.

     Section 3582(c)(2) authorizes district courts to modify an imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013).  Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical

types.  The Commission also voted to make Amendment 782 retroactively applicable to previously sentenced defendants.

However, pursuant to U.S.S.G. Section 1B1.10 (a)(2)(B):  "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10 (a)(2)(B).  A district court's authority to modify a sentenced is constrained by the Sentencing Commission.  *Dillon v. United States*, 560 U.S. 817, 825-826 (2010).

In this case, the sentencing court found a base offense level of 38 pursuant to USSG § 2D1.1, as the quantity of actual methamphetamine involved in the offense was 25.4 kilograms. *See* U.S.S.G. § 2D1.1(c)(1) (2012). Under the amended guidelines, a sentencing level of 38 applies where the amount of actual methamphetamine is 4.5 kilograms of more. U.S.S.G. § 2D1.1(c)(1) (2015). The defendant's offense level remains exactly what it was at the time of sentencing.  The Ninth Circuit agrees that where application of the pertinent amendment does not result in a different sentencing range, no reduction of sentence may occur.  *United States v. Leniear*, 574 F.3d 668, 673-74 (9th Cir. 2009).  Accordingly, the defendant may not receive any relief under Section 1B1.10.

Based on the foregoing, IT IS HEREBY ORDERED that the defendant's motion is denied.

IT IS SO ORDERED.

Dated:   July 28, 2016                       _____
                                             SENIOR DISTRICT JUDGE